IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>    Plaintiff,<br><br>    v.<br><br>PERKO'S CAFÉ, *et al.*,<br><br>    Defendants.<br>_____ / | No. C 11-00873 SI<br>Related Case No. C 11-1571<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO DISMISS COUNTERCLAIM, STRIKE AFFIRMATIVE DEFENSE, AND TO AMEND COMPLAINT** |

Several motions are currently scheduled for a hearing on July 1, 2011 at 9:00 a.m. Pursuant to Civil Local Rule 7-1(b), the Court finds that these motions are appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS the motions. **The case management conference scheduled for July 1, 2011 at 2:30 p.m. remains on calendar and all parties must attend.**

**BACKGROUND**

Plaintiff is a person with physical disabilities and he uses a wheelchair. Compl. at ¶ 1. Plaintiff alleges that he has visited Perko's Café in Lakeport, California, multiple times as a paying customer, and that he has encountered a number of access barriers during those visits. *Id.* at ¶ 11. Specifically, plaintiff alleges that defendants' parking area, paths of travel, entrance facilities, service and bar counters, dining areas and tables, public restrooms, and other facilities do not conform to disability access requirements under federal and state law. *Id.* at ¶¶ 10-12. The complaint alleges claims under Title III of the Americans With Disabilities Act of 1990 (ADA) and California disabled access statutes.

Defendants are Perko's Café proprietors Glen and Tamra Wienke, and the building owner and

lessor Safeway, Inc. The Wienkes are appearing *pro se*, and they have filed an answer denying plaintiff's allegations and asserting a number of affirmative defenses. Additionally, the Wienkes have filed a cross-claim against co-defendant Safeway for indemnity and a counterclaim against plaintiff for abuse of process. Wienkes' Cross-Complaint at ¶¶ 4, 20-22.

Plaintiff has moved to dismiss or strike the Wienkes' counterclaim for abuse of process and to strike the Wienkes' affirmative defense alleging mail and wire fraud and violation of the Racketeer Influenced Corrupt Organizations Act (RICO). The Wienkes have not filed any opposition to plaintiff's motions to dismiss and strike.

Plaintiff also seeks to amend the complaint to (1) add as a defendant Dynaco, Inc., the franchiser and sub-lessor of the subject premises, and (2) include additional allegations in order to comply with a recent Ninth Circuit decision regarding ADA plaintiffs' standing requirements. According to plaintiff's counsel, defendant Safeway does not oppose the motion. Thimesch Decl. at ¶ 3. However, the Weinkes declined to stipulate to plaintiff's motion to amend. *Id*. The Weinkes have not filed an opposition to the motion.

**DISCUSSION**

**I.      Motion to dismiss counterclaim**

**A.      Legal standard**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the

2

plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding *pro se*, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B.   Discussion**

Defendants have counterclaimed against plaintiff for abuse of process, alleging that the pending action against them is the latest in line of plaintiff's numerous suits "solely intended to extort money and attorney fees from innocent parties such as" the Wienkes. Cross-Compl. at ¶ 15. Defendants allege that plaintiff intends to "misuse the power of the court in order to unfairly increase the cost and expenses of litigation for Cross-Complainant . . . and to extort concessions from Cross-Complainant . . . by subjecting them to the cost and expense of litigation." *Id.* at ¶ 16. Finally, defendants assert "injury, damage, and loss" as the result of plaintiff's putative "misuse of the legal process." *Id.* at ¶¶ 22-23.

To state a claim for abuse of process in California, the Wienkes must show that Yates used a

legal process in a wrongful manner to accomplish a purpose for which it was not designed. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006). The essential elements of this claim are: (1) that defendants acted with an ulterior motive; and (2) that defendants committed a willful act or threat not authorized by the process and not proper in the regular conduct of some official proceedings. *Id.* at 1057. The nature of the tort is that it is committed by the misuse of process, i.e., the use of process for a purpose other than that for which it is designed. Witkin, *Summary of California Law* § 517 (2005).

The Court concludes that the Wienkes have failed to state a claim for abuse of process. The Wienkes have not alleged that plaintiff employed any judicial process beyond filing or maintaining his suit, much less that plaintiff did so improperly. The California Supreme Court has held that the "mere filing or maintenance of a lawsuit -- even for an improper purpose -- is not a proper basis for an abuse of process action." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma*, 42 Cal.3d 1157, 1169 (1986); *see also Trear v. Sills*, 82 Cal. Rptr.2d 281, 293 (Cal. Ct. App. 1999) ("[T]he tort [of abuse of process] requires abuse of legal *process*, not just filing suit. Simply filing a lawsuit for an improper purpose is not abuse of process.") (emphasis in original).

Accordingly, the Court GRANTS plaintiff's motion to dismiss the counterclaim for abuse of process. Although the Court is skeptical that defendants can allege an abuse of process claim, the Court will grant defendants leave to amend. If defendants file an amended counterclaim, defendants must be able to allege the elements of such a claim as set forth above.

## II. Motion to strike affirmative defense

### A. Legal standard

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). A defense may be insufficient "as a matter of pleading or as a matter of substance." *Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An insufficiently pled defense fails to comply with Rule 8 pleading requirements by not providing "plaintiff fair notice of the nature of the defense" and the grounds upon which it rests. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing

4

*Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). *See generally* Fed. R. Civ. Pro. 8. Although the Circuit Courts of Appeal have yet to rule on the issue, the majority of district courts have applied the heightened pleading standard dictated by the Supreme Court in *Twombly* and *Iqbal* to affirmative defenses. *See Barnes v. AT&T Pension Benefit Plan - Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649-50 (D. Kan. 2009) (noting extensive list of cases in which district courts have applied *Twombly* and *Iqbal* to affirmative defenses).

Motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). However, if a pleading is deficient, the Court may strike the pleading and require the non-moving party to submit an amended pleading which includes more specific allegations. *See Williams v. California 1st Bank*, 859 F.2d 664, 665 (9th Cir. 1988) (noting district court's granting of motion to strike affirmative defense and giving defendant leave to amend the defense as a counterclaim). *See also Chiron v. Abbott Laboratories*, 156 F.R.D. 219, 222-23 (1994) (granting plaintiff's motion to strike an affirmative defense of inequitable conduct and providing defendants with the opportunity to amend their answer to plead the defense with the requisite particularity). When a claim is stricken, "leave to amend should be freely given" so long as no prejudice results against the opposing party. *Wyshak*, 607 F.2d at 826.

### B. Discussion

The Wienkes allege a number of affirmative defenses in their answer, including the following:

> 12. Plaintiff and others, not presently known, have engaged in a pattern of conduct which is violative of 18 U.S.C. Section 1341, 18 U.S.C. Section 1343, U.S.C. Section 1961(1)(B), and U.S.C. Section 1962(c).

Answer at 4. Plaintiff moves to strike the "11th Affirmative Defense alleging Mail Fraud and RICO violations (18 USC 1341 et seq. and 18 USC 1961, et seq., respectively)" on the basis that it "cites only to the statute, but fails to cite to any facts justifying this defense." Pl. Mot. Strike at 1-2. Because plaintiff quotes the twelfth affirmative defense, the Court understands plaintiff's motion as seeking to strike the twelfth affirmative defense, rather than the eleventh as written in the pleading.

5

To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). "Racketeering activity" is any act indictable under several provisions of Title 18 of the United States Code.

The Court finds that defendants' affirmative defense asserting a RICO violation is inadequately pled. Defendants may not simply reference the RICO statute, and instead are required to allege specific facts in support of their defense. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (citing *Advanced Cardiovascular Sys. v. Scimed Sys., Inc.*, No. C-96-0950 DLJ,1996 WL 467277, at *3 (N.D. Cal. July 24, 1996). Here, the answer does not specify what plaintiff did, how he conducted an enterprise of racketeering activity, or how that conduct injured plaintiff's business or property. Furthermore, the Wienkes cite 18 U.S.C. §§ 1341 and 1343, which relate to mail and wire fraud. All alleged predicate acts that sound in fraud must meet heightened pleading requirements by specifically alleging the time and place of the misrepresentation, manner of misrepresentation, and parties to the misrepresentation. *See* Fed. R. Civ. P. 9(b); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation") (internal quotation marks omitted).

Accordingly, the Court finds defendants' twelfth affirmative defense lacks the requisite "fair notice" necessary for sufficient pleading and GRANTS plaintiff's motion to strike. Although the Court is skeptical that defendants will be able to allege the elements of an affirmative defense based on RICO violations, the Court will grant defendants leave to amend.

### III.     Motion to amend complaint

#### A.     Legal standard

Rule15 of the Federal Rules of Civil Procedure provides that once a responsive pleading has been filed, a party may amend the pleadings only by leave of court or by written consent of the adverse party; leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). This rule reflects an

underlying policy that disputes should be determined on their merits and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (citation and internal quotation marks omitted). Leave to amend should be granted "with extreme liberality," so long as factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment" are not present. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted).

### B. Discussion

Plaintiff seeks to amend the complaint to include as a defendant Dynaco, Inc. Plaintiff states that disclosures have revealed that Dynaco is the franchiser and sub-lessor of the subject premises. Plaintiff also seeks to amend the complaint to add allegations required to establish standing pursuant to a recent Ninth Circuit decision, *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 944 (9th Cir. 2011) (en banc) (holding that "when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability, even if he is not deterred from returning to the public accommodation at issue"). Defendant Safeway does not oppose the amendments, but the Wienkes declined stipulate. Thimesch Decl. at ¶ 3. Plaintiff's counsel has also spoken to Dynaco's counsel regarding the joining of Dynaco to the suit. *Id.* at ¶ 2.

The Court finds that plaintiff has shown good cause to amend and accordingly GRANTS plaintiff's motion.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to dismiss defendants' counterclaim for abuse of process, and GRANTS plaintiff's motion to strike defendants' twelfth affirmative defense (Docket No. 22). The Court GRANTS the Wienkes leave to file an amended answer and amended counterclaim. If the Wienkes wish to amend these pleadings, they must do so no later than **July 15, 2011**. The Court GRANTS plaintiff's motion to amend the complaint (Docket No. 26). Plaintiff shall file the amended complaint by **July 8, 2011**.

**IT IS SO ORDERED.**

Dated: June 29, 2011

SUSAN ILLSTON
United States District Judge